## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| HAROLD A. MYERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 20-cv-2236 |
| | ) | |
| IGC ILLINOIS, LLC, | ) | |
| d/b/a VIPER MINE | ) | |
| | ) | |
| Defendant | ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on the Motion to Dismiss (d/e 7) filed by Defendant IGC Illinois, LLC (IGC). For the reasons stated below, the Motion to Dismiss is GRANTED.

## I. BACKGROUND

Plaintiff Harold A. Myers filed his Complaint (d/e 1) in this matter on August 18, 2020. The Complaint, which alleges one count of employment discrimination based on race in violation of Title VII of the Civil Rights Act of 1964, asserts that Plaintiff was previously employed by IGC as a mining technician at IGC's Viper Mine in Williamsville, Illinois, that Plaintiff began working at the

Viper Mine on approximately March 15, 2015, and that Plaintiff,

was involuntarily terminated by IGC on September 21, 2018.  The

Complaint further states that Plaintiff, who is white, timely filed a

charge of racial discrimination with the Equal Opportunity

Employment Commission (EEOC) and received a notice of right to

sue from the EEOC on May 21, 2020.

In addition to the above facts, paragraphs 11–14 of the

Complaint assert the following conclusory statements:

> 11.   A similarly situated black employee who had
> engaged in comparable actions was not
> terminated nor was he disciplined.
>
> 12.   Had Myers been black his employment
> would not have been terminated and he would
> not have been disciplined.
>
> 13.   Myers' termination violates his rights under
> Title VII because he was discriminated against
> because of his race.
>
> 14.   As a result of IGC's actions, Myers has
> sustained both economic and noneconomic
> injuries.

D/e 1, ¶¶ 11–14.

On November 5, 2020, IGC moved to dismiss Plaintiff's

Complaint, arguing that the Complaint relied on conclusory

statements and recitals of the elements of Plaintiff's cause of action
while failing to allege specific facts sufficient to state a facially
plausible claim to relief under the pleading standard set forth in
Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v.
Iqbal, 556 U.S. 662 (2009).  See d/e 8, p. 1.

On November 7, 2020, Plaintiff filed his Response (d/e 9) to
IGC's Motion to Dismiss (d/e 7).  Plaintiff asserts that Twombly and
Iqbal did not change the pleading standards applicable to a Title VII
employment discrimination case and that the standard articulated
in the pre-Twombly Supreme Court case Swierkiewicz v. Sorema
N.A., 534 U.S. 506 (2002) still applies.  Under that standard,
Plaintiff claims, "a Title VII complaint 'alleging (race) discrimination
need only aver that the employer instituted a (specified) adverse
employment action against the plaintiff on the basis of (race).'"  D/e
9, pp. 2–3 (quoting Luevano v. Wal-Mart Stores, Inc., 722 F.3d
1014, 1028 (7th Cir. 2013).  Therefore, Plaintiff argues, his
complaint, "while light on facts, is sufficient to state a plausible
claim."  Id., p. 3.

## II. ANALYSIS

IGC's Motion to Dismiss and Plaintiff's response thereto present a single legal question: what level of factual detail does a Title VII employment discrimination plaintiff have to include in his complaint to render his claim to relief "plausible" under the Twombly/Iqbal pleading standard?

Plaintiff cites Luevano v. Wal-Mart Stores, Inc., 722 F.3d 1014 (7th Cir. 2013), and Carlson v. CSX Transportation, Inc., 758 F.3d 819 (7th Cir. 2014) as support for the proposition that "the only thing that a plaintiff need plead is that they were removed because of their sex (or race as is the case here)" and that "[t]here are no other requirements that need be plead."  D/e 9, pp. 2–3.  However, neither Luevano nor Carlson involved a complaint as "light on facts" as Plaintiff's concededly is.  The plaintiff in Luevano was proceeding pro se, but nevertheless included "two pages of handwritten detail" alleging a number of facts relating to the nature and duration of the alleged harassment that she had suffered at the hands of her coworkers, the repeated complaints she had made to her supervisor, and her supervisor's resistance to and retaliation for her

complaints.  722 F.3d at 1027.  The Seventh Circuit declined to decide whether this complaint was sufficient to state a claim that the plaintiff's co-worker had harassed her on the basis of her sex, but found that, "under the lenient pleading standards for pro se plaintiffs," the complaint pled facts sufficient to state a claim against the supervisor.  In reaching this conclusion, the Seventh Circuit acknowledged that "there is some unresolved tension between" the relaxed pleading standard set forth in Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002), and the more exacting Twombly/Iqbal standard, and relied on the "considerably relaxed" pleading standards for pro se plaintiffs to resolve that tension in favor of the plaintiff under the facts present in Luevano.

In Carlson, on the other hand, the Seventh Circuit acknowledged that Twombly and Iqbal require a Title VII plaintiff to include "enough details about the subject-matter of the case to present a story that holds together."  758 F.3d at 827.  The Seventh Circuit noted that the plaintiff in Carlson had exceeded the minimum requirement of "a story that holds together" and had bolstered her claims with a number of details regarding her

employer's shifting explanations for denying her positions and instances of comparable male employees being treated better than the plaintiff in certain specified ways.  Id.

Plaintiff Myers, unlike the plaintiff in Luevano, is ably represented by an attorney with extensive experience in Title VII reverse racism litigation.  Furthermore, the plaintiffs in Luevano and Carlson provided a relative wealth of detail, whereas Plaintiff Myers's Complaint is concededly bare-bones.  In order to determine whether the Complaint provides enough detail to present "a story that holds together," therefore, the Court will also compare the Complaint to a few post-Iqbal discrimination complaints that were dismissed as insufficiently detailed.

In McCauley v. City of Chicago, 671 F.3d 611 (7th Cir. 2011), the Seventh Circuit affirmed that, in analyzing the sufficiency of a complaint under the Twombly/Iqbal plausibility standard, the court accepts the well-pleaded facts in a complaint as true, but that "legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth."  671 F.3d at 616.  The court also held that Twombly and Iqbal "require the

plaintiff to 'provid[e] some specific facts' to support the legal claims asserted in the complaint" and that, while the "degree of specificity required is not easily quantified," a plaintiff must provide "enough details about the subject-matter of the case to present a story that holds together."  Id.  The Court then found that "once the legal conclusions are disregarded, just one paragraph of factual allegations remains" in the plaintiff's complaint and found that this one paragraph did not provide sufficient detail to state a facially plausible equal protection claim.  Id. at 618.

McCauley involved a relatively complicated claim, and the level of factual specificity required of a plaintiff "rises with the complexity of the claim."  Id. at 617–618.  But even relatively simple employment discrimination claims like Plaintiff's require more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  Iqbal, 556 U.S. at 678.  In Sokn v. Fieldcrest Community Unit School Dist. No. 8, No. 10-CV-1122, 2011 WL 2533793 (C.D. Ill. June 27, 2011), for example, this Court dismissed a relatively simple Title VII discrimination complaint filed by a female principal who alleged that the school district that had

employed her discriminated against her by paying her less than her male counterparts. Id. at *3. The court found that the plaintiff failed to plead sufficient details to allow the reasonable inference that her lower pay was solely the result of her being a woman, where the plaintiff "only provided the salaries of all the other principals in the District." Id. at *5.

In Walton v. First Merchants Bank, 772 F. App'x 349 (7th Cir. 2019), the Seventh Circuit encountered the situation presented by the instant complaint: a relatively simple race discrimination claim, unsupported by any factual details that could render the claim plausible. The plaintiff in Walton was black, and she claimed that her bank had discriminated against her on the basis of her race in violation of the Equal Credit Opportunity Act by wrongfully closing her accounts, not allowing her to make deposits or withdraw funds, and failing to apply her loan payments. Walton, 772 Fed App'x at 349–50. The plaintiff then conclusorily alleged that her bank "ha[d] not treated White Customers in the same manner they have treated Black customers when it comes to Equal Credit Opportunities." Id. The Seventh Circuit, citing Carlson, acknowledged that "plaintiffs

alleging race discrimination need not provide great detail to state a claim" but held that the "even though the burden was not high, Walton's complaint fell short." <u>Id.</u> at 350.  The court observed that "nothing in [the plaintiff's] complaint renders it plausible that the problems she encountered resulted from race discrimination," that "[s]he identifies no Bank employees . . . who acted in a discriminatory manner," and that "[h]er bare statements that the alleged customer-service failures were 'clear' discrimination are insufficient." <u>Id.</u> at 350–51.

Here, as in <u>Sokn</u> and <u>Walton</u>, Plaintiff's complaint does not clear the low bar that confronts every plaintiff alleging a simple employment discrimination claim.  Plaintiff's story does not hold together because he provides only the bare statement that he was fired for being white, without identifying any specific IGC employee who acted in a discriminatory manner towards him or any specific statement or policy of IGC that led Plaintiff to believe that his race played a part in his termination.  Plaintiff's Complaint contains no detail whatsoever regarding the circumstances surrounding Plaintiff's termination, instead stating the name of Plaintiff's

employer, Plaintiff's position, his race, and the date of his termination and then simply reciting the elements of Plaintiff's cause of action and a few extraneous legal conclusions.  Plaintiff states that "[a] similarly situated black employee who had engaged in comparable actions was not terminated nor was he disciplined" but provides no information as to who the similarly situated black employee was or what actions of Plaintiff the black employee's actions are comparable to.  Furthermore, Plaintiff does not allege that he was performing his job in a satisfactory manner prior to his termination.

As in McCauley, excising the legal conclusions and conclusory statements from Plaintiff's Complaint leaves only a short paragraph's worth of factual allegations.  Taken together, these facts are insufficient to render plausible the inference that Plaintiff was fired because he was white.  Plaintiff's Complaint will, therefore, be dismissed without prejudice.  Plaintiff will have an opportunity to amend his complaint to include specific facts sufficient to support a reasonable inference that he was fired because of his race.

## IV. CONCLUSION

For the reasons stated above, Defendant IGC Illinois, LLC's Motion to Dismiss (d/e 7) is GRANTED.  Plaintiff's Complaint (d/e 1) is DISMISSED WITHOUT PREJUDICE for failure to state a claim.  Plaintiff may file an amended complaint no later than October 6, 2021.  If Plaintiff does not file an amended complaint by that date, Plaintiff's action will be dismissed with prejudice.

**ENTERED:  September 21, 2021**

**FOR THE COURT:**

*/s/ Sue E. Myerscough*

**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**